IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| GEORGE CHANCE, | ) |
| | ) |
|     Plaintiff, | ) |
| vs. | ) |
| | )   Case No.: 1:20-cv-00239 |
| HOLCIM (US) INC., | ) |
|     Serve: | ) |
|     The Corporation Company | ) |
|     120 S Central Ave. | ) |
|     Clayton, MO 63105 | )   JURY TRIAL DEMANDED |
| | ) |
|     Defendant. | ) |

**PLAINTIFF'S COMPLAINT
FOR VIOLATIONS OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, AND
THE FAMILY MEDICAL LEAVE ACT, AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff George Chance, by and through his attorneys, and for his Petition for Violations of the Age Discrimination in Employment Act of 1967 and the Family Medical Leave Act against Defendant Holcim (US) Inc., states:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages, pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ("ADEA") and the Family and Medical Leave Act of 1993, 29 U.S.C. §§2601, et seq. ("FMLA") to redress Defendant's unlawful employment practices against Plaintiff, including discrimination and harassment because of Plaintiff's age and interference with Plaintiff's lawful use of the FMLA and retaliation leading to his unlawful termination.

**JURISDICTION AND VENUE**

1

2. This Court has jurisdiction over the claims brought under federal law pursuant to 28 U.S.C. §§ 1331 and 1343.

3. This Court also has jurisdiction over Plaintiff' claims for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

4. Venue over Plaintiff' claims is proper in the Eastern District of Missouri because Defendant resides in the Eastern District of Missouri within the meaning of 28 U.S.C. § 1391 and because the events, acts, and omissions giving rise to Plaintiff's claims occurred in the Eastern District of Missouri.

## THE PARTIES

5. Plaintiff, George Chance is an individual who is and was at all times herein after mentioned, a resident of the State of Missouri.

6. Defendant Holcim (US) Inc. (hereinafter "Holcim") is a corporation that regularly conducts business in St. Genevieve County, Missouri.

## FACTS COMMON TO ALL COUNTS

7. Plaintiff restates and incorporates as though fully stated herein, all previous paragraphs of his Petition.

8. Defendant Holcim commonly conducts business under the name LarargeHolcim (US).

9. The events outlined herein occurred in St. Genevieve County, Missouri.

10. Holcim operates a cement production plant in St. Genevieve County, Missouri.

11. Plaintiff worked at a quality control technician at the cement production plant operated by the Defendant Holcim in St. Genevieve County, Missouri.

12. Plaintiff was born in 1945 and was the oldest worker at the plant.

13. Management at the plant referred to Plaintiff as the "old guy".

14. Holcim management wanted to know when Plaintiff planned to retire.

15. The defendant's production manager commented that they would the plaintiff's position to a younger worker when the "old guy" retired, referring to plaintiff.

16. In the fall of 2019, approximately September or October, Holcim management pressured Plaintiff to let them know when he would retire.

17. Plaintiff responded to the management's inquiry that he may retire in six months after he received the profit sharing payment.

18. Plaintiff did not wish to retire, however he felt pressured by management to tell them he would.

19. In December 2019 Holcim management issued plaintiff a reprimand and suspended him for five days purportedly because he was fishing in a stream adjacent to the plant.

20. Management rarely suspended employees and when they did, was only for three days.

21. Other employees fished in the stream adjacent to the plant without reprimand.

22. On or about March 15, 2020 Plaintiff told management that he probably would not retire for at least another year.

23. On or about March 23, 2020, Plaintiff had to leave work to treat a serious health condition.

24. Plaintiff notified the highest-ranking employees he could find that he was leaving work to treat a serious health condition.

25. Defendant Holcim suspended Plaintiff on March 23, 2020 purportedly because Plaintiff left work without telling a manager.

26. Defendant Holcim terminated Plaintiff on March 26, 2020.

27. Defendant Holcim replaced Plaintiff with a younger worker.

28. Defendant Holcim treated younger workers more favorably than Plaintiff.

29. Defendant Holcim did not follow its own policies regarding employee discipline with Plaintiff.

30. Defendant Holcim reprimanded plaintiff more severely than similarly situated younger workers.

31. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about April 16, 2020, Charge No. 560-2020-01520.

32. Plaintiff received a right to sue letter from the EEOC

33. Plaintiff will incur costs and attorney's fees in prosecuting this action against the Defendant.

## COUNT I – VIOLATIONS OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT.

34. Plaintiff restates and incorporates as though fully stated herein, all previous and subsequent paragraphs of his Petition.

35. At all relevant times, Plaintiff was over 40 years of age and thus is protected under the ADEA, 29 U.S.C. § 631.

36. Plaintiff was at all times relevant herein a member of a "Protected Group" of individuals under the ADEA within the meaning of 29 U.S.C. § 631(a) in that he was an individual over the age of 40.

37. Defendant is an employer within the meaning of 29 U.S.C. § 630(b).

38. 29 U.S.C. § 623 states, in part:

(a) Employer Practices. It shall be unlawful for an employer -- (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age . . .

(d) Opposition to unlawful practices; participation in investigations, proceedings, or litigation. It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter.

39. Defendants violated the ADEA by harassing and discriminating against Plaintiffs with respect to the terms and conditions of his employment.

40. Defendant treated Plaintiff less favorably than younger employees.

41. Defendant retaliated against Plaintiff for his complaints of discrimination.

42. Defendant discriminated against plaintiff because of his age.

43. Plaintiff is an "aggrieved person" within the meaning of § 626 of the Act and has suffered damage for which he is entitled to legal and to equitable relief as provided in the Act, 29 U.S.C. § 626(b) and (c) and under the FLSA, 29 U.S.C. § 216.

44. Plaintiff is entitled to legal and equitable relief including compensatory damages sufficient to make Plaintiff whole for all losses suffered as a result of Defendant's unlawful discrimination, liquidated damages and to restore to him all seniority, pension and other benefits he would have had but for the unlawful discrimination and retaliation is necessary and appropriate relief and will effectuate the purposes of the ADEA.

45. Defendant's violation of the ADEA was willful so as to subject Defendant to liability for liquidated damages under 29 U.S.C. § 626(b) and 29 U.S.C. § 216 in an amount equal to Plaintiff's monetary damages.

46. Plaintiff is entitled to preliminary and permanent equitable and injunctive relief, including, but not limited to, reinstatement, all seniority, benefits, back pay, and front pay.

47. Plaintiff has been damaged and suffered economic harm in the form of, but not limited to, lost wages and benefits, out-of-pocket expenses and monetary loss as well as non-economic damages all of which they are entitled to recover from Defendants plus pre-judgment interest, attorneys' fees and costs.

48. The actions of Defendants were done in reckless indifference to Plaintiff's federally protected rights and Plaintiff is therefore entitled to recover punitive damages and exemplary damages

**WHEREFORE**, the Plaintiff George Chance prays this court after a trial, for which a jury is hereby demanded, to find that the Defendant Holcim has violated the rights of the Plaintiff as set forth above; that a Judgment be entered ordering Defendant to make Plaintiff whole for the loss of income he has suffered as a result of the unlawful acts of harassment, discrimination, and retaliation, including back pay from the time of the unlawful harassment and discrimination with interest thereon and fringe benefits, front pay, compensatory damages,

6

punitive damages and liquidated damages in the maximum amount allowed by law, to order that the defendant reinstate Plaintiff, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, in an amount to be determined at trial, in excess of $25,000.00; Allow Plaintiff the costs of this action, including reasonable attorney fees and expenses incurred; for interest on all amounts awarded, Grant such additional and affirmative relief as the Court may deem just and proper.

## COUNT II – VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT

49.     Plaintiff restates and incorporates as though fully stated herein, all previous and subsequent paragraphs of her Petition.

50.     This Count is authorized and instituted under the Family and Medical Leave Act, 29 U.S.C. § 2615 & 2617 ("FMLA").

51.     Defendant intentionally engaged in unlawful employment practices in violation of FMLA, including interfering with the Plaintiff's exercise of his rights under the FMLA, and retaliating against him for exercising his rights under the FMLA, by practices including suspending and terminating him

52.     Defendant acted with malice and reckless indifference to the rights of Plaintiff.

WHEREFORE, Plaintiff George Chance prays this honorable court enter Judgment against the Defendants and in favor of the Plaintiff, to award the Plaintiff actual damages in the amount determined at trial but in excess of $25,000.00, for nominal damages in the event no actual damages are found, for back pay, front pay, for lost benefits, for punitive damages, liquidated damages in an amount equal to his actual damages, for interest, for his costs and

7

attorney's fees, for damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering, for interest on all amounts, and for such other and further relief as the Court deems just and proper.

**WHEREFORE**, the Plaintiff George Chance prays this court after a trial, for which a jury is hereby demanded, to find that the Defendant Holcim has violated the rights of the Plaintiff as set forth above; that a Judgment be entered ordering Defendants to make Plaintiff whole for the loss of income she has suffered as a result of the unlawful acts of harassment, discrimination, and retaliation, including back pay from the time of the unlawful harassment, discrimination, and retaliation with interest thereon and fringe benefits, front pay, compensatory damages, damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering, punitive damages in the maximum amount allowed by law, to order that the defendant grant Plaintiff Emeritus Professor status, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, in an amount to be determined at trial, in excess of $25,000.00; Allow Plaintiff the costs of this action, including reasonable attorney fees and expenses incurred; for interest on all amounts awarded, Grant such additional and affirmative relief as the Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff, through counsel, respectfully requests a trial by jury on all issues.

Respectfully submitted,

**KASPER LAW FIRM, LLC**

By: */s/ Kevin J. Kasper*
Kevin J. Kasper, #52171

8

                Ryan P. Schellert, #56710
                3930 Old Hwy 94 South - Suite 108
                St. Charles, MO 63304
                Ph: 636-922-7100
                Fax: 866-303-2874
                Email: KevinKasper@KasperLawFirm.net
                Email: RyanSchellert@KasperLawFirm.net
                *ATTORNEYS FOR PLAINTIFF*